IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAT SULLIVAN, KAREN RHYNE, STEVE ELLEFSON, MARK EISEN, BRUCE ELDER and JON NAEF, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> FLUIDMASTER, INC., <br><br> Defendant. | Case No. 1:14-cv-05696 <br><br> Hon. Robert M. Dow. Jr. <br><br> Magistrate Judge Gilbert |

**MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P. 24 TO FILE LIMITED OPPOSITION TO THE PLAINTIFFS' UNOPPOSED MOTION TO APPOINT INTERIM CLASS COUNSEL AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Movants, Steven Rensel and Brian Kirsch ("Movants"), respectfully submit this Motion to Intervene, brought pursuant to Federal Rules of Civil Procedure, rule 24(b) for an order permitting them to intervene in the above-captioned action for the limited purposed of partially contesting Plaintiffs' Unopposed Motion To Appoint Interim Class Counsel ("Motion to Appoint"), ECF No. 12, filed on September 2, 2014 by plaintiffs Pat Sullivan, Karen Rhyne, Steve Ellefson, Mark Eisen, Bruce Elder, and Jon Naef ("Plaintiffs").

Movants are the named plaintiffs in the case captioned <u>Rensel v. Fluidmaster, Inc.</u>, Case No. 14-cv-00648-PA-DFM, which is currently pending in the United States District Court for the Central District of California. Movants' claims against defendant-Fluidmaster relate solely to alleged defects with the plastic coupling nut affixed to the toilet connectors Fluidmaster designed and distributed. In this action, Plaintiffs' claims largely relate to the alleged "hose bursts" of the

1

Fluidmaster connectors' stainless steel bodies, generally. Plaintiffs here, however, have also included in their Complaint allegations related to the plastic coupling nut affixed to the toilet connectors. Movants seek intervention for the limited purpose of asking the Court to deny, or defer, the Motion to Appoint to the extent Plaintiffs here seek to appoint their counsel as interim class counsel in the Rensel case, which was first filed and is significantly further advanced than Plaintiffs' here.

Indeed, in Rensel, the Movants' class certification motion is due on September 24, 2014, prior to which the parties have engaged in extensive written discovery, including depositions, have attended a full-day mediation, and have a trial date set for June 16, 2015. Movants make this motion to protect the interests of the Rensel plaintiffs, including the work the parties in that case have completed to date.

This Motion to Intervene is accompanied by Intervenors' Limited Opposition to the Plaintiffs' Unopposed Motion to Appoint Interim Class Counsel, which sets out the claim for relief sought through intervention.

I. FACTUAL AND PROCEDURAL BACKGROUND

On April 24, 2014, Movants filed their Complaint in the Central District of California, alleging that the plastic coupling nut defendant-Fluidmaster designed for its toilet connectors is inherently defective, resulting in fractures which cause leaks and property damage. Movants allege claims related only to defendant's plastic coupling nut and none related to the stainless steel connecting lines. Decl. of Daniel J. Kurowski In Supp. of the Mot. to Intervene Pursuant to Fed. R. Civ. P. 24 to File Limited Opp. to the Pls.' Unopposed Mot. to Appoint Interim Lead Counsel ("Kurowski Decl."), Ex. A. Discovery in Movant's case opened on May 18, 2014, and

the Court set a deadline for the filing of class certification on or before September 24, 2014. *Id.* Ex. B. That motion is to be heard on October 27, 2014. *Id.*

On July 24, 2014, Plaintiffs filed their Complaint in the above-captioned action, alleging claims against the same defendant related to alleged defects with its "NO-BURST" water supply line. ECF No. 1. Since then, the same plaintiffs' lawyers representing the Plaintiffs in this action and requesting appointment as lead counsel have filed three additional cases alleging defects with the "NO-BURST" connectors in other courts around the United States.[1]

On August 18, 2014, defendant-Fluidmaster filed with the Judicial Panel on Multidistrict Litigation ("JPML") a Motion for Transfer of Actions to the Northern District of Illinois Pursuant to 28 U.S.C. § 1407 for Coordination or Consolidated Pretrial Proceedings. That motion seeks to transfer Movants' case to the Northern District of Illinois and to consolidate it with all of the subsequently filed cases filed by the Plaintiffs' lawyers here. Movants plan to oppose that motion and request severance of the plastic coupling nut claims, which they expect will be heard before the JPML on December 4, 2014.

After the JPML papers were filed, on September 2, 2014, Plaintiffs filed their Motion to Appoint, seeking appointment as interim class counsel on behalf of class members in Movants' case as well as the above-captioned case and all other subsequently-filed cases.

///

///

///

---

[1] The three other cases are <u>Hungerman v. Fluidmaster, Inc.</u>, No. 14-cv-00363 (W.D. Pa.); <u>Hardwick v. Fluidmaster, Inc.</u>, No. 14-cv-00363 (D.N.H.); and <u>Wyble v. Fluidmaster, Inc.</u>, No. 14-cv-01826 (D. Ariz.).

**II.     ARGUMENT**

**A.  The Court Should Grant the Motion to Intervene because Movants' Claims Share Common Questions of Law and Fact with this Action and because the Motion to Intervene Is Timely and Will Not Unduly Delay or Prejudice Adjudication of the Original Parties' Rights**

A court may grant a permissive intervention when the intervening party's claims share a common question of law or fact with the main action in which intervention is sought. Fed. R. Civ. P. 24(b)(1)(B). In exercising its discretion, the court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

**1. Movants' Claims Share Common Questions of Law and Fact with Plaintiffs' Claims**

Movants' Amended Complaint alleges that defendant-Fluidmaster designed, manufactured, and sold defective toilet coupling nuts. The Amended Complaint asserts claims under the Declaratory Judgment Act, California's Unfair Competition Law, California's Consumer Legal Remedies Act, Arizona's Consumer Fraud Act, and Vermont's Consumer Protection Act as well as common law claims for negligence, strict liability, negligent failure to warn, breach of implied warranty, and breach of express warranty. See Kurowski Decl. Ex. A.

Plaintiffs' Complaint alleges that the same defendant manufactured and sold defective water supply lines under its "NO-BURST" brand. ECF No. 1. The Complaint asserts claims under the Illinois Uniform Deceptive Trade Practices Act, the Illinois Consumer Fraud and Deceptive Practices Act, the Declaratory Judgment Act, and various other states' consumer protection statutes as well as various state law claims for negligence, strict liability, negligent failure to warn, breach of implied warranty of merchantability, breach of express warranty, and unjust enrichment. Id. at ¶¶ 130-395.

4

The questions of law raised by Movants' claims – as it relates *only* to the plastic coupling nut affixed to the toilet connectors – are substantially identical to those raised by Plaintiffs'. The questions of fact related to the plastic coupling nut will also significantly overlap as they pertain to products designed and manufactured by the same defendant and marketed by it under the same brand name. The showing of a common question required for permissive intervention under Rule 24(b)(1)(B) is therefore met.

**2. The Motion to Intervene Is Timely and Will Not Unduly Delay or Prejudice the Adjudication of the Original Parties' Rights**

Plaintiffs filed their Motion to Appoint on September 2, 2014. Movants brought this Motion to Intervene within days.

The lapse of time between Movants learning that their interests may be affected in this case and their Motion to Intervene is negligible and has caused no delay that might prejudice the parties. See Bunge Agribusiness Singapore Pte. Ltd. v. Dalian Hualing Enterprise Group Co. Ltd., No. 13-2539, 2014 WL 3938828, at *3 (7th Cir. Aug. 13, 2014); Alarm Detection Systems, Inc. v. Bloomingdale Fire Protection District, No. 14 C 876, 2014 WL 4124251, at *2 (N.D. Ill. Aug. 20, 2014) (motion to intervene brought within two months of original complaint held timely).

The intervention sought will neither unduly delay nor prejudice the original parties. Intervention is sought only for the limited purpose of contesting an appointment of interim class counsel related to the plastic coupling nut claims that will prejudice the more procedurally advanced litigation of Movants' claims in California. If the relief Movants seek is granted, Plaintiffs' extant claims respecting the hose body claims in the above-captioned action can proceed in this Court unaffected.

### III. CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court grant their Motion to Intervene pursuant to Federal Rules of Civil Procedure, rule 24(b) and consider the concurrently-filed Intervenors' Limited Opposition To The Plaintiffs' Unopposed Motion To Appoint Interim Class Counsel (Dkt. No. 12) And Memorandum Of Law In Support Thereof, accordingly.

Date: September 5, 2014

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: s/Daniel J. Kurowski
Daniel J. Kurowski

1144 W. Lake Street
Suite 400
Oak Park, IL 60301
Tel. (708) 628-4949
Fax. (708) 628-4950
dank@hbsslaw.com

## **CERTIFICATE OF SERVICE**

 Pursuant to Fed. R. Civ. P. 5 and N.D. Ill. Local R. 5.5, the undersigned, an attorney, hereby certifies that on September 5, 2014, a true and correct copy of the foregoing was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

             */s/ Daniel J. Kurowski*