**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PAT SULLIVAN, KAREN RHYNE, STEVE ELLEFSON, MARK EISEN, BRUCE ELDER and JON NAEF, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br>v.<br><br>FLUIDMASTER, INC.,<br><br>　　　　　Defendant. | Case No. 1:14-cv-05696<br><br>Judge Robert M. Dow Jr. |

**RESPONSE OF INTERVENORS TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL
AUTHORITY AND STATUS REPORT IN SUPPORT OF PLAINTIFFS' MOTION TO
<u>APPOINT INTERIM CLASS COUNSEL</u>**

Intervenors, Steven Rensel and Brian Kirsch ("Rensel Plaintiffs"), named plaintiffs in the

California litigation, *Rensel, et al. v. Fluidmaster, Inc.*, Case No. 14-cv-00648-PA (DFMx)

("*Rensel*"), respectfully submit this Response to Plaintiffs' Notice of Supplemental Authority

and Status Report in Support of Plaintiffs' Motion to Appoint Interim Class Counsel (Dkt. No.

26) ("Notice") pursuant to the Court's September 11, 2014, Order requesting the parties advise

the Court of any pertinent developments in the JPML and/or the California litigation (Dkt. No.

21). Plaintiffs' Notice does not provide the Court with a full picture of the status of the *Rensel*

case and the pending motion before the Judicial Panel on Multidistrict Litigation ("JPML").

*First*, Rensel Plaintiffs wish to inform the Court that following Judge Anderson's ruling

striking Rensel Plaintiffs' class claims they filed a petition under Fed. R. Civ. P. 23(f) with the

Ninth Circuit seeking leave to immediately appeal Judge Anderson's decision. *See* Rensel

Plaintiffs' Rule 23(f) petition attached as **Exhibit A**.  Rensel Plaintiffs' Rule 23(f) petition

requests an interlocutory appeal on the grounds that the order denying their pending class

certification motion was not based on any deficiencies under Rule 23, but rather on a sanction

grounded in unsubstantiated presumptions about the alleged destruction of evidence with no

evidentiary proceedings or even oral argument.  *Id*. at 2.  Rensel Plaintiffs have requested the

Ninth Circuit grant their petition because the district court's ruling was a manifest error.

      The court dismissed Rensel Plaintiffs' class claims as a sanction for performing testing to

support their class certification motion and "*presumably* purposefully impair[ing] Defendant's

ability to discover information…."  *See* Dkt. No. 26, Ex. A, at 3 (emphasis added).  This ruling

was made without an evidentiary hearing or oral argument even though there were key factual

issues in dispute, including whether any evidence was actually destroyed or lost as a result of the

testing, whether the testing was necessary and relevant, whether Fluidmaster suffered any

prejudice, and whether both parties acted in good faith to schedule the testing.  *Id.*, Ex. A at 13.

The court relied only on unsupported assertions to justify its use of "inherent power" to strike the

class claims and deny class certification.  *Id*. at 14-16.  As detailed in the Rensel Plaintiffs' Rule

23(f) petition, the court's sanction was improperly based on presumptions and speculation,

without facts and, ultimately violated principles of due process.  *Id*. at 12.  Because of the strong

arguments Rensel Plaintiffs have set forth in support of their Rule 23(f) petition and the

advanced stage of the *Rensel* case, it is not in the best interest of either this case or the *Rensel*

case to start the class certification process over until the Rule 23(f) petition is decided.

      *Second*, to date, Rensel Plaintiffs, to which the coupling nut case is proprietary, have

spent hundreds-of-thousands of dollars on expert analysis (including four separate experts related

to design, material selection, finite element analysis, and a failure mode analysis of the plastic

coupling nut) to support their class certification motion. *Id*. at 11. All of Rensel Plaintiffs'
experts were deposed by Fluidmaster; and likewise, Rensel Plaintiffs deposed Fluidmaster's
experts. Prior to fully briefing class certification, Rensel Plaintiffs served and received responses
to document requests, interrogatories, and requests for admissions and engaged in multiple meet-
and-confers. The 40,000 pages of discovery that Plaintiffs in this matter are embarking on
reviewing have already been reviewed by Rensel Plaintiffs, subjectively coded, and used in class
certification briefing. Additionally, prior to class certification, Rensel Plaintiffs conducted a
Rule 30(b)(6) deposition of Fluidmaster's corporate designee. It would be, and is, a waste of the
putative coupling nut class' money and resources to re-start efforts related to the plastic coupling
nut from the beginning prior to receiving the Ninth Circuit's ruling on the Rule 23(f) petition.

*Lastly*, Plaintiffs update did not discuss the pending petition before the JPML. The
question of whether to transfer and consolidate this matter and related matters, including the
*Rensel* case, is scheduled to be heard by the JPML on December 4, 2014. MDL No. 2575, Dkt.
No. 20. Rensel Plaintiffs have asked the JPML to sever the *Rensel* case, and any related cases
involving a plastic toilet connector coupling nut manufactured by Fluidmaster, from this case and
its related cases, which involve a braided steel water supply line manufactured by Fluidmaster.
MDL No. 2575, Dkt. No. 11. The only similarity between these two products is that they are
manufactured by Defendant Fluidmaster. If the cases are severed, the plastic coupling nut cases
will proceed in the Central District of California after a ruling on the pending Rule 23(f) petition.

As Rensel Plaintiffs have always maintained, they take no position as it relates to the
braided hose line defect and do not see any reason why Plaintiffs' case here involving the
braided line cannot proceed during the pendency of Rensel Plaintiffs' Rule 23(f) petition,

particularly given that the *Rensel* case is much more procedurally advanced than this action and involves a different product.

Dated:  December 2, 2014                    Respectfully submitted,

                                            By: */s/ Daniel J. Kurowski*
                                            Daniel J. Kurowski
                                            HAGENS BERMAN SOBOL SHAPIRO LLP
                                            1144 W. Lake Street, Suite 400
                                            Oak Park, IL 60301
                                            Tel. (708) 628-4949
                                            Fax. (708) 628-4950
                                            E-mail: dank@hbsslaw.com

<u>**CERTIFICATE OF SERVICE**</u>

Pursuant to Fed. R. Civ. P. 5 and N.D. Ill. Local R. 5.5, the undersigned, an attorney, hereby certifies that on December 2, 2014, a true and correct copy of the foregoing was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record.

<u>*/s/ Daniel J. Kurowski*</u>

010418-11  734904 V1