# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: FLUIDMASTER, INC., WATER CONNECTOR COMPONENTS PRODUCTS LIABILITY LITIGATION | ) ) ) | Case No. 1:14-cv-05696 MDL No. 2575 Judge Robert M. Dow, Jr. |

## ORDER

Before the Court is Defendant Fluidmaster's objection [101] to Magistrate Judge Gilbert's May 21, 2015 order [95]. For the reasons set forth below, Defendant's objections are overruled.

## STATEMENT

On November 12, 2014, while the *Rensel* case was still pending before Judge Percy Anderson in the Central District of California, Judge Anderson issued an order striking the *Rensel* Plaintiffs' class action allegations as a sanction for their destructive testing of certain evidence (*i.e.*, coupling nuts on various water-supply lines) purportedly relevant to Fluidmaster's defense. After the case was transferred to this Court as part of the ongoing MDL litigation, the *Rensel* Plaintiffs moved to vacate Judge Anderson's November 12, 2014 order, arguing that the sanction was unwarranted. This Court referred the matter to Magistrate Judge Gilbert, who ordered briefing on the issue. After careful consideration and several interactions with the parties, Magistrate Judge Gilbert granted the *Rensel* Plaintiffs' motion to vacate [95]. In his order, Judge Gilbert explained that, in view of new, relevant information that came to light after the briefing before Judge Anderson was complete, the more prudent course is to vacate Judge Anderson's ruling (and the significant sanction that followed from it) and to allow this Court to determine whether the *Rensel* Plaintiffs' claims should proceed as a class action based on a full record. Defendant Fluidmaster filed an objection to that order [101], arguing that Magistrate

Judge Gilbert's order should be set aside because he did not expressly state that Judge Anderson's order was wrong and that such a statement stands as a prerequisite to vacating a prior judge's order under the law of the case doctrine.

As an initial matter, Federal Rule of Civil Procedure 72(a) provides a 14-day period within which to object to a Magistrate Judge's orders on nondispositive matters. Defendant Fluidmaster filed its objection on June 8, 2015—19 days after Magistrate Judge Gilbert's May 21 order. The Federal Rule is explicit: "A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a); see also Fed. R. Civ. P. 6(a) (explaining how to compute time for time periods stated in days). Because Defendant Fluidmaster's objection is untimely, it is overruled.

Moreover, even if the Court were to consider Defendant's objection as timely, it would nonetheless overrule it. As Defendant notes, in the MDL context, a transferee district court judge can set aside a decision by a transferor district court judge "if he has a conviction at once strong and reasonable that the earlier ruling was wrong, and if rescinding it would not cause undue harm to the party that had benefited from it." *Avitia v. Metropolitan Club*, 49 F.3d 1219, 1227 (7th Cir. 1995) (citing *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983)). In the same decision, the Seventh Circuit explained that the law of the case presumption that a prior ruling "will be adhered to throughout the suit" "is no more than a presumption, one whose strength varies with the circumstances; it is not a straitjacket." *Id*. The court of appeals further observed that "if the ruling in question was by the same court (and regardless of whether the same judge or panel or a previous judge or panel of that court made the ruling), the duty of adherence is less rigid." *Id*. Contrary to Defendant's contention, the Seventh Circuit *did not* hold in *Avitia* that the overruling judge must *expressly* state that the originating judge was wrong; the Seventh

Circuit merely articulated the standard of review by which the transferor court must abide in assessing rulings from a transferor court.

Magistrate Judge Gilbert followed this standard, by finding that (1) Judge Anderson's ruling "clearly was colored by Fluidmaster's argument that Plaintiffs' testing of the coupling nuts severely impaired the company's ability to defend itself," (2) the *Rensel* Plaintiffs learned new information *after* filing their opposition brief, and there is "no question" that this information is "at the heart of Fluidmaster's defense in this case," and (3) Judge Anderson struck the hearing on the motion to vacate without notice and without an opportunity to allow *Rensel* Plaintiffs to present the new evidence. [95, at 6–8.] True, Magistrate Judge Gilbert expressed uncertainty as to whether Judge Anderson would have resolved the case differently had he considered Plaintiffs' new information (stating that Judge Anderson's decision "may have been impacted" by these arguments), but Magistrate Judge Gilbert's reticence in the mind-reading arena in no way dilutes his central finding, which is that the decision reached by Judge Anderson must be set aside because it was rendered without the benefit of the new information that became available after briefing was complete and that might dictate a different result. Another way of saying this, using the parlance suggested by Defendant, is that Judge Anderson's ruling is "wrong" because it was reached prematurely without the benefit of the more complete record now available. Still another way of making the same point would be to say that even if Judge Anderson's ruling were correct based on the information presented to him at the time, it has since been rendered unjustifiable (and thus reversible under law of the case principles) given the additional information now known to this Court. No matter which of these alternative descriptions one prefers, to avoid any doubt, the Court exercises its discretion (see Fed. R. Civ. P. 72(a)) to modify Magistrate Judge Gilbert's decision to expressly state its conclusion that "the

earlier ruling was wrong, and [that] rescinding it would not cause undue harm to the party that had benefited from it." *Avitia*, 49 F.3d at 1227.[1]

Defendant Fluidmaster also argues that the *Rensel* Plaintiffs never asked the transferor District Court to reconsider its order, thus "depriv[ing] the judge most familiar with the complex facts of this case * * * an opportunity to review the supplemental arguments [the *Rensel*] Plaintiffs now assert are crucial." [101, at 4.] But Defendant provides no legal support for the proposition that a transferee court can revisit a transferor judge's order only if the transferor judge has had an opportunity to reconsider the order, and thus *Rensel* Plaintiffs' failure to file a motion to reconsider Judge Anderson's order is of no consequence here. Neither is the Ninth Circuit's February 25, 2015 denial of the *Rensel* Plaintiffs' Rule 23(f) petition [see 66-1]. Importantly, the Ninth Circuit denied Plaintiffs' Rule 23(f) petition as moot, obviously aware of the transfer of that case to this Court for coordinated MDL proceedings and the *Rensel* Plaintiffs' ability to seek relief via the still-active putative class action in this proceeding. Regardless, the Ninth Circuit's refusal to consider the *Rensel* Plaintiffs' Rule 23(f) appeal is not a binding decision on the merits that impacts this Court's ability to rule on the motion to vacate. See *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 833–34 (7th Cir. 1999) (likening an appellate court's decision regarding a Rule 23(f) appeal to the Supreme Court's discretion regarding a petition for certiorari, wherein a refusal to grant certiorari is not an affirmation on the merits of the underlying decision).

---

[1] As Magistrate Judge Gilbert stressed, questions concerning (1) whether evidence was compromised or destroyed by "destructive testing" and (2) whether any sanction will be appropriate at the time that such questions are resolved remain open and await disposition on a full record at later stages of the case. For now, the Court simply concludes, affirming Judge Gilbert's ruling, that the prior judge's ruling was premature and therefore erroneous on the facts of record at this time.

For these reasons, Defendant Fluidmaster's objections [101] to Magistrate Judge Gilbert's May 21, 2015 order are overruled.

Date: June 25, 2015

Robert M. Dow, Jr.
United States District Judge