# EXHIBIT 72

## PRODUCTS LIABILITY IN NAMED PLAINTIFF'S STATES:

## DESIGN DEFECT, FAILURE TO WARN, AND NEGLIGENCE

| JURISDICTION | AUTHORITY |
|---|---|
| **Alabama**<br><br>(Design Defect) | ***Atkins v. American Motors Corp.*, 335 So.2d 134, 139 (Ala.1976)**<br><br>The Alabama Extended Manufacturer's Liability Doctrine (AEMLD) provides for such liability if "the defendant manufactured or designed or sold a defective product which, because of its unreasonably unsafe condition, injured the plaintiff or damaged his property when such product, substantially unaltered, was put to its intended use." The AEMLD is similar to a strict liability tort action under § 402A of the Restatement (Second) of Torts. |
| (Failure to Warn) | ***King v. S.R. Smith, Inc.*, 578 So. 2d 1285, 1287 (Ala. 1991)**<br><br>Under the AEMLD, if a manufacturer or seller places goods on the market that are imminently dangerous when put to their intended purpose and the defendant knows or should know that the goods can create danger when used in their customary manner, the defendant must exercise reasonable diligence to make such danger known to the persons likely to be injured by the product |
| (Negligence) | ***Ford Motor Co. v. Burdeshaw*, 661 So. 2d 236, 238 (Ala. 1995).**<br><br>To recover under a negligence claim, the plaintiff must establish (1) that the defendant owed a duty to the plaintiff; (2) that the defendant breached that duty; (3) that the plaintiff suffered a loss or an injury; and (4) that the defendant's negligence was the actual and proximate cause of that loss or injury. *Lollar v. Poe*, 622 So. 2d 902 (Ala. 1993). |
| **Arizona**<br><br>(Design Defect) | ***Jimenez v. Sears, Roebuck & Co.*, 183 Ariz. 399, 402, 904 P.2d 861, 864 (1995)**<br><br>A prima facie case of strict products liability is established by showing that when the product left the defendant's control, it was in a defective condition that made it unreasonably dangerous and the defect was *a* proximate cause of plaintiff's injuries. *Gosewisch,* 153 Ariz. at 403, 737 P.2d at 379; *see also O.S. Stapley Co. v. Miller,* 103 Ariz. 556, 559–60, 447 P.2d 248, 251–52 (1968) (adopting strict liability rule of Restatement (Second) of Torts § 402A (1965), hereinafter Restatement). |

| | |
|---|---|
| **Arizona (cont'd)**<br><br>(Failure to Warn)<br><br><br><br><br><br><br><br><br><br><br><br>(Negligence) | <u>**Watts v. Medicis Pharm. Corp.**</u>, **239 Ariz. 19, 365 P.3d 944, 948 (2016)**<br><br>Generally, a claim of strict products liability may be based on "informational defects encompassing instructions and warnings" that render a product defective and unreasonably dangerous. *Gosewisch v. Am. Honda Motor Co.,* 153 Ariz. 400, 403, 737 P.2d 376, 379 (1987). To establish such a claim, the plaintiff must prove, among other things, that the manufacturer had a duty to warn of the product's dangerous propensities and that the lack of an adequate warning made the product defective and unreasonably dangerous. *Id.*<br><br>***Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007).**<br><br>To establish a claim for negligence, a plaintiff must prove four elements: (1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages. *Ontiveros v. Borak*, 136 Ariz. 500, 504, 667 P.2d 200, 204 (1983) (citing William L. Prosser, *Handbook of the Law of Torts* § 30, at 143 (4th ed. 1971)). |
| **California**<br><br>(Design Defect)<br><br><br><br><br><br><br><br><br><br>(Failure to Warn) | ***Barker v. Lull Eng'g Co.*, 20 Cal.3d 413, 428-430 (Cal.1978).**<br><br>The general rule is that "[a] manufacturer is strictly liable for injuries caused by a product that is (1) defectively manufactured, (2) defectively designed, or (3) distributed without adequate instructions or warnings of its potential for harm." "A defectively designed product either 'fails to satisfy such ordinary consumer expectations as to safety in its intended or reasonably foreseeable operation,' or has an inherent risk of danger that outweighs its benefits."<br><br>***Johnson v. Am. Standard, Inc.*, 43 Cal. 4th 56, 64-65, 179 P.3d 905, 910 (2008)**<br><br>Generally speaking, manufacturers have a duty to warn consumers about the hazards inherent in their products. (*Anderson, supra,* 53 Cal.3d at p. 1003, 281 Cal.Rptr. 528, 810 P.2d 549.) The requirement's purpose is to inform consumers about a product's hazards and faults of which they are unaware, so that they can refrain from using the product altogether or evade the danger by careful use. (*Ibid.*) Typically, under California law, we hold manufacturers strictly liable for injuries caused by their failure to warn of dangers that were known to the scientific community at the time they manufactured and distributed their product. |

| | |
|---|---|
| **California (cont'd)**<br><br>(Negligence) | ***Beacon Residential Community Assn. v. Skidmore, Owings & Merrill LLP*, 173 Cal. Rptr. 3d 752, 755 (Cal. 2014).**<br><br>"Actionable negligence involves a legal duty to use due care, a breach of such legal duty, and the breach as the proximate or legal cause of the resulting injury." *(United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.* (1970) 1 Cal.3d 586, 594 [83 Cal. Rptr. 418, 463 P.2d 770].) |
| **Georgia**<br><br>(Design Defect)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>(Failure to Warn)<br><br><br><br><br><br><br>(Negligence) | **Georgia's strict liability provision, OCGA § 51-1-11(b)(1):**<br><br>The manufacturer of any personal property sold as new property directly or through a dealer or any other person shall be liable in tort, irrespective of privity, to any natural person, who may *use, consume, or reasonably be affected* by the property and who suffers injury to his person or property because the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended, and its condition when sold is the proximate cause of the injury sustained.<br><br>***Dean v. Toyota Indus. Equip. Mfg., Inc.*, 246 Ga.App. 255, 259, 540 S.E.2d 233, 237 (2000).**<br><br>Under Georgia law, a product design is defective if "the risks inherent in a product design [outweigh] the utility or benefit derived from the product."<br><br>***Dietz v. Smithkline Beecham Corp.*, 598 F.3d 812, 815 (11th Cir.2010) (applying Georgia law).**<br><br>To establish failure to warn claims, a plaintiff must show that (1) defendant had a duty to warn, (2) defendant breached that duty, and (3) the breach was the proximate cause of Plaintiffs' injuries.<br><br>***Johnson v. Am. Nat'l Red Cross*, 578 S.E.2d 106, 108 (Ga. 2003).**<br><br>"It is well established that to recover for injuries caused by another's negligence, a plaintiff must show four elements: 'a duty, a breach of that duty, causation and damages.' [Cit.]" *Royal v. Ferrellgas*, 254 Ga. App. 696, 698 (563 S.E.2d 451) (2002). |

| | |
|---|---|
| **Illinois**<br><br>(Design Defect) | ***Calles v. Scripto-Tokai Corp.*, 224 Ill. 2d 247, 254-56, 864 N.E.2d 249, 254-56 (2007)**<br><br>In *Suvada v. White Motor Co.*, 32 Ill.2d 612, 622–23, 210 N.E.2d 182 (1965), this court adopted the strict liability doctrine set forth in section 402A of the Second Restatement of Torts. Under this doctrine, strict liability is imposed upon a seller of "any product in a defective condition unreasonably dangerous to the user or consumer or to his property." Restatement (Second) of Torts § 402A, at 347–48 (1965). The test outlined in section 402A for determining whether a product is "unreasonably dangerous" is known as the consumer-expectation or consumer-contemplation test. This test provides that a product is "unreasonably dangerous" when it is "dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics." Restatement (Second) of Torts § 402A, Comment *i*, at 352 (1965).<br><br>\*\*\*<br><br>[T]his court in *Lamkin v. Towner*, 138 Ill.2d 510, 528, 150 Ill.Dec. 562, 563 N.E.2d 449 (1990), adopted a second, alternative test for design defect cases known as the risk-utility, or risk-benefit, test. See *Blue v. Environmental Engineering, Inc.*, 215 Ill.2d 78, 91, 293 Ill.Dec. 630, 828 N.E.2d 1128 (2005) (noting this court "understood the problem[s associated with application of the consumer-expectation test to design-defect cases] and recognized a second, alternative test"). |
| (Failure to Warn) | ***Sollami v. Eaton*, 201 Ill. 2d 1, 7, 772 N.E.2d 215, 219 (2002)**<br><br>A manufacturer has a duty to warn where the product possesses dangerous propensities and there is unequal knowledge with respect to the risk of harm, and the manufacturer, possessed of such knowledge, knows or should know that harm may occur absent a warning. |
| (Negligence) | ***Krywin v. Chi. Transit Auth.*, 938 N.E.2d 440, 446 (Ill. 2010).**<br><br>To recover damages based upon negligence, a plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach was the proximate cause of the plaintiff's injury. *First Springfield Bank & Trust v. Galman*, 188 Ill. 2d 252, 256, 720 N.E.2d 1068, 242 Ill. Dec. 113 (1999). |

| | |
|---|---|
| **Maine** <br><br> (Design Defect) | ***Burns v. Architectural Doors & Windows*, 2011 ME 61, 19 A.3d 823, 830 n 7.** <br><br> To allege a product liability claim in Maine, a plaintiff must state facts that satisfy the elements of the claim set forth by statute: <br><br> One who sells any goods or products in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to a person whom the manufacturer, seller or supplier might reasonably have expected to use, consume or be affected by the goods, or to his property, if the seller is engaged in the business of selling such a product and it is expected to and does reach the user or consumer without significant change in the condition in which it is sold. This section applies although the seller has exercised all possible care in the preparation and sale of his product and the user or consumer has not bought the product from or entered into any contractual relation with the seller. <br> 14 M.R.S. § 221 (2010). <br><br> Based on this statutory language, the elements of a defective product cause of action asserted against a seller are: <br> (1) the named defendant sold the goods or products; <br> (2) those goods or products were in a defective condition unreasonably dangerous to the user or consumer or the user or consumer's property; <br> (3) the plaintiff might reasonably have been expected to use, consume, or be affected by the goods or products; <br> (4) the defendant was engaged in the business of selling the goods or products; <br> (5) the goods or products were expected to, and did, reach the user or consumer without significant change in the condition in which they were sold; and <br> (6) the plaintiff or the plaintiff's property suffered physical harm. <br> *See id.* |
| (Failure to Warn) | ***Bouchard v. Am. Orthodontics*, 661 A.2d 1143, 1145 (Me.1995)** <br><br> To establish a claim that a product was defective due to a failure to warn, a party must prove three elements in addition to those explicitly stated in the defective product statute: (1) the defendant had a duty to warn the plaintiff of the product hazard; (2) any actual warning on the product was inadequate; and (3) the inadequate warning or absence of a warning proximately caused the plaintiff's injury. |
| (Negligence) | ***Dyer v. Me. Drilling & Blasting, Inc.*, 984 A.2d 210, 222 (Me. 2009).** <br><br> We have held that a prima facie case of negligence to avoid summary judgment requires that a plaintiff must establish four elements: (1) a duty |

| | |
|---|---|
| **Maine (cont'd)** | or standard of care; (2) breach of that duty or standard of care; (3) an injury to the plaintiff caused by that breach of duty or standard of care; and (4) damages. *Mastriano v. Blyer*, 2001 ME 134, P 11, 779 A.2d 951, 954. |
| **New Hampshire**<br><br>(Design Defect) | ***Kelleher v. Marvin Lumber & Cedar Co.*, 152 N.H. 813, 824, 891 A.2d 477 (2005).**<br><br>We have adopted the doctrine of strict liability of manufacturers for product defects in section 402A (1) of the *Restatement (Second) of Torts*, which states: "One who sells any product in a defective condition unreasonably dangerous to the user or consumer *or to his property* is subject to liability for physical harm thereby caused to the ultimate user or consumer...." *Restatement (Second) of Torts* § 402A (1) (1965) (emphasis added); *see Price*, 142 N.H. at 388, 702 A.2d 330; *Royer v. Catholic Med. Ctr.*, 144 N.H. 330, 331, 741 A.2d 74 (1999). "A design defect occurs when the product is manufactured in conformity with the intended design but the design itself poses unreasonable dangers to consumers." *Price*, 142 N.H. at 389, 702 A.2d 330 (quotation omitted). 181920 For a product to be unreasonably dangerous, it "must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics." *Vautour v. Body Masters Sports Indus.*, 147 N.H. 150, 154, 784 A.2d 1178 (2001) (quotation omitted). The jury determines whether a product is unreasonably dangerous by using a risk-utility balancing test. *Price*, 142 N.H. at 389, 702 A.2d 330. Under this approach, "a product is defective as designed if the magnitude of the danger outweighs the utility of the product." *Vautour*, 147 N.H. at 154, 784 A.2d 1178 (quotations omitted); *see Price*, 142 N.H. at 389, 702 A.2d 330 (detailing the factors to be considered when implementing the risk-utility balancing test). However, the plaintiff is not required to present evidence of a safer alternative design. *Vautour*, 147 N.H. at 156, 784 A.2d 1178. "[P]roof of an alternative design is neither a controlling factor nor an essential element that must be proved in every case." *Id.* Rather, the circumstances of each case dictate which factors may be relevant. *Id.* |
| (Failure to Warn) | ***LeBlanc v. Am. Honda Motor Co.*, 141 N.H. 579, 585-86, 688 A.2d 556, 561-62 (1997)**<br><br>To maintain a products liability claim based on defective design, a plaintiff must prove: (1) that the design of the product created a defective condition unreasonably dangerous to the user; (2) that the condition existed when the product was sold by a seller in the business of selling |

| | |
|---|---|
| **New Hampshire (cont'd)**<br><br><br><br><br><br><br><br><br><br><br><br><br><br>(Negligence) | such products; (3) that the use of the product was reasonably foreseeable by the manufacturer; and (4) that the condition caused injury to the user or the user's property. *Chellman v. Saab-Scania AB,* 138 N.H. 73, 77, 637 A.2d 148, 150 (1993). An analysis of whether a product is unreasonably dangerous requires evaluating many possible factors including a product's social utility balanced against the risk of danger, the cost and practicality of reducing the risk of danger, and the presence or absence and efficacy of a warning of hidden danger.... If the design of a product makes a warning necessary to avoid an unreasonable risk of harm from a foreseeable use, the lack of warning or an ineffective warning causes the product to be defective and unreasonably dangerous. *Id.* at 77-78, 637 A.2d at 150; *see Thibault v. Sears, Roebuck & Co.,* 118 N.H. 802, 395 A.2d 843 (1978).<br><br>The plaintiff's design defect and failure to warn claims are separate. Under the design defect claim, the issue is whether the [product] was defective . . . and whether that defect made the product unreasonably dangerous. The issue in the failure to warn claim, in contrast, is whether the danger inherent in the [product] was or could have been made reasonable by the issuance of adequate warnings.<br><br>**Weldy v. Kingston, 514 A.2d 1257, 1260 (N.H. 1986).**<br><br>The elements of negligence are a breach of a duty of care by the defendant, which proximately causes the plaintiff's injury. *See White v. Schnoebelen,* 91 N.H. 273, 274-75, 18 A.2d 185, 186-87 (1941). |
| **North Dakota**<br><br>(Design Defect) | ***Stillwell v. Cincinnati Inc.,* 336 N.W.2d 618, 621-22 (N.D. 1983)**<br><br>In *Johnson v. American Motors Corporation,* 225 N.W.2d 57 (N.D.1974), this Court expressly adopted the rule of strict liability in tort as set forth in § 402A, Restatement of Torts 2d, which provides as follows:<br>"Special Liability of Seller of Product for Physical Harm to User or Consumer<br>"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if<br>(a) the seller is engaged in the business of selling such a product, and<br>(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.<br>"(2) The rule stated in Subsection (1) applies although<br>(a) the seller has exercised all possible care in the preparation and sale of his product, and<br>(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller." |

| North Dakota (cont'd) | |
|---|---|
| | *Endresen v. Scheels Hardware & Sports Shop, Inc.*, 1997 ND 38, ¶ 8, 560 N.W.2d 225, 229

In order to recover for injuries sustained as a result of a defective condition in a product, unreasonably dangerous to a consumer, the plaintiff must show by a preponderance of the evidence the product was defective in design or manufacture; the defect rendered the product unreasonably dangerous to the consumer; the defect existed when the product left the manufacturer; and the defect was a proximate cause of the plaintiff's injuries.

**N.D.C.C. § 28-01.3-06**

"No product may be considered to have a defect or to be in a defective condition, unless at the time the product was sold by the manufacturer or other initial seller, there was a defect or defective condition in the product which made the product unreasonably dangerous to the user or consumer." |
| (Failure to Warn) | *Messer v. B & B Hot Oil Serv.*, 2015 ND 202, ¶ 10, 868 N.W.2d 373, 377

One who has been injured by a product may seek to hold the manufacturer or seller liable on the theory that the design of the product made it dangerous and, apart from whether it was negligent so to design it, negligence inhered in a failure to warn of the danger. To succeed in a negligence claim, the plaintiff must prove that the defendant owed a duty to the plaintiff, the defendant breached that duty, and the plaintiff has suffered an injury that was proximately caused by the defendant's negligence. |
| (Negligence) | *Barbie v. Minko Constr., Inc.*, 766 N.W.2d 458, 461 (N.D. 2009).

In a negligence action, the plaintiff must prove (1) duty; (2) breach of that duty; (3) causation and (4) damages. *Miller v. Diamond Resources, Inc.*, 2005 ND 150, P 10, 703 N.W.2d 316; Investors Real Estate Trust, 2004 ND 167, P 7, 686 N.W.2d 140. |

| | |
|---|---|
| **Pennsylvania**<br><br>(Design Defect) | *Tincher v. Omega Flex, Inc.*, —— Pa. ——, 104 A.3d 328, 399-402 (2014)<br><br>"Pennsylvania remains a Second Restatement jurisdiction . . .[W]e hold that, in Pennsylvania, the cause of action in strict products liability requires proof, in the alternative, either of the ordinary consumer's expectations or of the risk-utility of a product." (citing California *Barker* decision)<br><br>**Barton v. Lowe's Home Centers, Inc.**, 2015 PA Super 203, 124 A.3d 349, 354-55 (2015)<br><br>In *Webb v. Zern,* 422 Pa. 424, 220 A.2d 853 (1966), our Supreme Court formally adopted Section 402A of the Restatement (Second) of Torts as the law governing strict products liability actions. This section provides: (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if<br>(a) the seller is engaged in the business of selling such a product, and<br>(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.<br>(2) The rule stated in Subsection (1) applies although<br>(a) the seller has exercised all possible care in the preparation and sale of his product, and<br>(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.<br>Restatement (Second) of Torts, § 402A (1965). To prevail in an action under section 402A, the plaintiff must prove that the product was defective, the defect existed when it left the defendant's hands, and the defect caused the harm. *355 *Riley v. Warren Manufacturing, Inc.,* 455 Pa.Super. 384, 688 A.2d 221, 224 (1997). The threshold inquiry in all products liability cases is whether there is a defect. *Id.* This threshold can be crossed ... either by proving a breakdown in the machine or a component thereof, traditionally known as a manufacturing defect; or in cases where there is no breakdown, by proving that the design of the machine results in an unreasonably dangerous product, traditionally known as a design defect.<br><br>*Id.* |

| | |
|---|---|
| **Pennsylvania (cont'd)**<br><br>(Failure to Warn) | <u>Barton v. Lowe's Home Centers, Inc.</u>, 2015 PA Super 203, 124 A.3d 349, 354-55 (2015)<br><br>A third doctrine recognized under section 402A is the "failure-to-warn" theory, under which the plaintiff may recover for the defendant's failure to provide adequate instructions to the user on how to use the product as the product was designed. *Weiner v. American Honda Motor Co., Inc.,* 718 A.2d 305, 309 (Pa.Super.1998). "To succeed on a claim of inadequate or lack of warning, a plaintiff must prove that the lack of warning rendered the product unreasonably dangerous and that it was the proximate cause of the injury." *Id.* |
| (Negligence) | ***Pyeritz v. Commonwealth*, 32 A.3d 687, 692 (Pa. 2011).**<br><br>A cause of action in negligence requires a showing of four elements: (1) the defendant had a duty to conform to a certain standard of conduct; (2) the defendant breached that duty; (3) such breach caused the injury in question; and (4) the plaintiff incurred actual loss or damage. *Krentz v. Consolidated Rail Corp.,* 589 Pa. 576, 910 A.2d 20, 27 (Pa. 2006). |
| **Tennessee**<br><br>(Design Defect) | <u>Brown v. Crown Equip. Corp.</u>, 181 S.W.3d 268, 282 (Tenn. 2005)<br><br>Under the Tennessee Products Liability Act of 1978, "[a] manufacturer or seller of a product shall not be liable for any injury to a person or property caused by the product unless the product is determined to be in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller." Tenn.Code Ann. § 29–28–105(a) (1980). Thus, the Act provides for recovery for injuries caused by a product that either is in a "defective" condition or is "unreasonably dangerous." *Davis v. Komatsu Am. Indus. Corp.,* 42 S.W.3d 34, 42 n. 7 (Tenn.2001); *Ray ex rel. Holman v. BIC Corp.,* 925 S.W.2d 527, 529 n. 3 (Tenn.1996). A product is in a "defective condition" if it is "unsafe for normal or anticipatable handling and consumption." Tenn.Code Ann. § 29–28–102(2) (1980). The term "unreasonably dangerous" means that a product is dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics, or that the product because of its dangerous condition would not be put on the market by a reasonably prudent manufacturer or seller, assuming that the manufacturer or seller knew of its dangerous condition.<br><br>In determining whether a product is unreasonably dangerous, we have interpreted the Tennessee Products Liability Act of 1978 as providing for two tests: the consumer expectation test and the prudent manufacturer |

| | |
|---|---|
| **Tennessee (cont'd)** | test. *Ray ex rel. Holman,* 925 S.W.2d at 531. These two tests are not exclusive of one another, and either or both are applicable to claims of unreasonably dangerous products. *Jackson v. Gen. Motors Corp.,* 60 S.W.3d 800, 806 (Tenn.2001). |
| (Failure to Warn) | <u>Nye v. Bayer Cropscience, Inc.</u>, 347 S.W.3d 686, 693 (Tenn. 2011) (internal quotations omitted)<br><br>Tennessee courts have long held that a manufacturer may be held strictly liable for failing to warn consumers of the dangers of a particular product at the time of sale.<br><br>***Parker v. Holiday Hospitality Franchising, Inc.*, 446 S.W.3d 341, 350 n.7 (Tenn. 2014).***<br><br>The elements of a negligence claim are: "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause." *Satterfield v. Breeding Insulation Co.,* 266 S.W.3d 347, 355 (Tenn. 2008). |
| **Vermont**<br><br>(Design Defect) | ***Paquette v. Deere & Co.*, 168 Vt. 258, 260, 719 A.2d 410, 412 (1998)**<br><br>This Court has adopted the doctrine of strict products liability as embodied in Restatement (Second) of Torts § 402A. See *Zaleskie v. Joyce,* 133 Vt. 150, 155, 333 A.2d 110, 114 (1975). "Under that doctrine, a manufacturer is strictly liable for physical harm or property damages resulting from a defective product that reaches a user without undergoing substantial change." *Webb v. Navistar Int'l Transp. Corp.,* 166 Vt. 119, 126, 692 A.2d 343, 346 (1996); see Restatement (Second) of Torts § 402A(1) (1965) (one who sells any product in defective condition unreasonably dangerous to user or user's property is "subject to liability for *physical harm* thereby caused to the ultimate user ... or to his property") (emphasis added) |
| (Failure to Warn) | <u>Town of Bridport v. Sterling Clark Lurton Corp.</u>, 166 Vt. 304, 307-08, 693 A.2d 701, 704 (1997)<br><br>In "failure to warn" cases, the plaintiff must show that the manufacturer had a duty to warn, that the failure to warn made the product unreasonably dangerous and therefore defective, and that the lack of a warning was a proximate cause of the injury. *Menard,* 135 Vt. at 54, 373 A.2d at 506; see also *McCullock v. H.B. Fuller Co.,* 61 F.3d 1038, 1044-45 (2d Cir.1995) (outlining plaintiff's burden in failure to warn case under Vermont law). |

| | |
|---|---|
| **Vermont (cont'd)** <br><br> (Negligence) | ***Denis Bail Bonds, Inc. v. State*, 622 A.2d 495, 498 (Vt. 1993).** <br><br> As plaintiff's suit alleges negligence, the requisite elements of the cause of action are familiar: the existence of a legally cognizable duty owed by the defendant to the plaintiff, breach of that duty, such breach as the proximate cause of plaintiff's injury, and actual damages. *Langle v. Kurkul*, 146 Vt. 513, 517, 510 A.2d 1301, 1304 (1986) (citing W. Prosser & W. Keeton, The Law of Torts § 30, at 164-65 (5th ed. 1984)). |