**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
<u>EASTERN DIVISION</u>**

| | |
|---|---|
| **IN RE: FLUIDMASTER, INC., WATER CONNECTOR COMPONENTS PRODUCTS LIABILITY LITIGATION** | Case No. 1:14-cv-05696 <br> MDL No. 2575 <br><br> Honorable Jeffrey T. Gilbert |
| This Document Relates to the Following Pending Action: <br><br> *Tatnuck Country Club v. Fluidmaster, Inc.* <br> *USDC Case No. 4:15-cv-40152* <br> *Transferee Case No. 1:15-cv-11363* | |

<u>**FLUIDMASTER, INC.'S MOTION TO COMPEL FURTHER RESPONSES**</u>

Defendant Fluidmaster, Inc. ("Fluidmaster") respectfully submits this Motion to Compel Further Responses (the "Motion") from Plaintiff Tatnuck Country Club ("Tatnuck" or "Plaintiff").

**I.      INTRODUCTION**

In a world where everyone is reasonable, this Motion would not be filed. Fluidmaster seeks to compel further responses to discovery requests served on Plaintiff over four months ago. What is troubling about Fluidmaster having to file this Motion is what Fluidmaster seeks: the names and addresses of two key witnesses, former employees of Plaintiff, identified by counsel for Plaintiff. These witnesses served as the General Manager and maintenance person responsible for the area around the water supply line that is the subject of this case. Only they have information concerning key events and conditions affecting the water supply line. Nonetheless, while Plaintiff recognizes their importance and despite discovery requests seeking their last known contact information, Plaintiff has failed to provide their contact information.

1

Certainly, given their tenure at Tatnuck, Plaintiff must have employment records containing the last known address and telephone numbers for these key witnesses. Fluidmaster has been and will continue to be prejudiced by this delay as the discovery cut-off is approaching as it has been prevented from conducting important discovery.

Fluidmaster raised the lack of contact information almost immediately after Plaintiff served its defective discovery responses. Fluidmaster's counsel has worked diligently and patiently to obtain this critical discovery without success. While multiple meet and confers have taken place, Plaintiff has still refused to produce the contact information for these witnesses. Having sued Fluidmaster, Plaintiff is in no position to play games and avoid discovery to which Fluidmaster is entitled in order to defend itself. Fluidmaster requests that the Court compel Plaintiff to amend its discovery responses to include the full names, addresses, email addresses and telephone numbers of the former General Manager of Tatnuck, Robert Wyatt, and its maintenance employee, Neftali Ortiz. Fluidmaster also request costs and fees associated with Plaintiff's refusal to provide appropriate discovery responses.

## II. STATEMENT OF FACTS

Fluidmaster simply seeks the full name and address of two of Plaintiff's former employees provided as responses to discovery propounded by Fluidmaster. The two former employees are important fact witnesses in this case and Plaintiff has acknowledged the relevance of their testimony. Because Plaintiff has failed to provide the requested information after numerous meet and confer efforts initiated by Fluidmaster, Fluidmaster reluctantly seeks this Court's intervention so that Fluidmaster can obtain the requested information and continue with its investigation and preparation for trial.

4819-5660-7316.v2

**A.** <u>Procedural History</u>

On September 30, 2015, Plaintiff filed a complaint against Fluidmaster in Massachusetts state court alleging (1) negligence; and (2) breach of warranty. Declaration of Michael J. Finnegan ("Finnegan Decl."), ¶ 2. The case was ultimately removed to federal court and transferred to this Court as part of the MDL in the above captioned matter. *Id.*

**B.** <u>Discovery Requests Propounded by Fluidmaster</u>

On June 6, 2017, Fluidmaster propounded Interrogatories and Requests for Production on Plaintiff (collectively, the "Discovery Requests"). Finnegan Decl. ¶ 3. The instructions included in Interrogatories propounded on Plaintiff state, in part:

18. "IDENTIFY" shall mean:

a. when used in reference to an individual, to state his or her full name, whether he or she is alive or dead, his or her present or last known business or home address and home telephone number, and present or last known business affiliation; . . .

*Id.* ¶ 3, Ex. 1.

The following Interrogatories propounded on Plaintiff are pertinent to this Motion:

<u>SPECIAL INTERROGATORY NO. 5</u>:

IDENTIFY each person who installed or helped install the SUBJECT WATER LINE.

<u>SPECIAL INTERROGATORY NO. 8</u>:

IDENTIFY the person who removed the SUBJECT WATER LINE after the damage occurred.

4819-5660-7316.v2

<u>SPECIAL INTERROGATORY NO. 24</u>:

Was there any chemical use or storage on or around the SUBJECT WATER LINE?

*Id.*

On October 3, 2017, almost four months after Fluidmaster served Plaintiff with its Discovery Requests, Plaintiff finally provided Fluidmaster with its responses. *Id.* ¶ 4, Ex. 2. Plaintiff responded to Interrogatory No. 5 by stating:

> Plaintiff is not in possession of any information responsive to this request. Plaintiff will supplement this response if responsive information is discovered.

*Id.*

Plaintiff responded to Interrogatory No. 8 by stating:

> Plaintiff believes the subject water line was removed b***y employees of Tatnuck Country Club***, and provided to plaintiff's expert, Ted Carroll.

*Id.* (emphasis added).

Plaintiff responded to Interrogatory No. 24 by stating:

> Plaintiff does not believe any chemical was used or stored on or around the subject water line.

*Id.*

### C. <u>Relevant Meet and Confer Efforts</u>

On October 17, 2017, in an effort to meet and confer, counsel for Fluidmaster sent counsel for Plaintiff a letter addressing the sufficiency of Plaintiff's discovery responses. Finnegan Decl. ¶ 5, Ex. 3. On October 23, 2017, counsel for Plaintiff and Fluidmaster began

4819-5660-7316.v2

exchanging emails and phone calls relating to Plaintiff's 30(b)(6) deposition designees.[1]  *Id.* ¶ 6.  On October 30, 2017, in an email to Fluidmaster's counsel, counsel for Plaintiff stated, "[t]he General Manager most knowledgeable retired about a year ago . . . They recently fired their maintenance man who was working at the club when the loss occurred." *Id.* ¶ 6, Ex. 5.  As both of these individuals are responsive to certain of Fluidmaster's Interrogatories propounded on Plaintiff, counsel for Fluidmaster immediately requested "the name and contact information for the prior GM and the maintenance man" as "[t]his was called for in our discovery responses." *Id.*  After a follow-up email from Fluidmaster's counsel, on November 1, 2017, counsel for Plaintiff responded, "Robert Wyatt is former GM.  Former maintenance man is 'Richie.'  We are looking for more info and will pass along as received." *Id.*

The next day, with the discovery deadline rapidly approaching, Fluidmaster's counsel sent counsel for Plaintiff the following email:

> I need the address and telephone number for Robert Wyatt.  Tatnuck surely has this information.  Tatnuck must also have Richie's last name and address if he was an employee of any duration. I am getting real pressure to move forward with this given the discovery cut-off.  Please provide this information this week.  This is not a threat, but I will be instructed to file a motion to compel if I don't receive the information.

*Id.*

---

[1] Fluidmaster's 30(b)(6) Deposition Notice requires Plaintiff to designate individuals to testify on its behalf as to the following subjects: (1) The incident described in Plaintiff's Complaint; (2) the installation of the water connector at issue in Plaintiff's Complaint; (3) the maintenance of the water connector at issue in Plaintiff's Complaint; (4) the repair, maintenance and upkeep of the area where the water connector at issue in Plaintiff's Complaint was installed; and (5) Plaintiff's damages.  *See* Finnegan Decl. Id. ¶ 6, Ex. 4.

5

On November 7, 2017, counsel for Plaintiff responded with conflicting information, stating:

> Here is the information we have:
>
> The Club President at the time was Mike Bollus. He is available for deposition, but away until 11/13.
>
> The GM at the time was Bob Wyatt.
>
> The maintenance man at the time was Neftali Ortiz. Both Wyatt and Ortiz live outside the area now. We are trying to obtain updated contact info.

*Id.*

Fluidmaster's counsel called counsel for Plaintiff on November 9, 2017 in one last attempt to meet and confer. *Id.* ¶ 7. During the phone call, Plaintiff's counsel was unable to provide the information requested. *Id.* Because Plaintiff has not provided the information requested, Fluidmaster has no choice but to file this Motion in an effort to obtain this vital information before the rapidly approaching discovery deadline runs.

### III. ARGUMENT

The Court should grant Fluidmaster's Motion because the information sought – the names and addresses of two of Plaintiff's former employers identified as key fact witnesses by Plaintiff's counsel – is reasonably calculated to lead to the discovery of admissible evidence and Plaintiff has not objected to its production and has even acknowledged its relevance. Further, Fluidmaster is entitled to reasonable expenses, including attorney fees, incurred in making this Motion as Plaintiff's inability to produce the information requested is not, and cannot, be substantially justified.

4819-5660-7316.v2

### A. The Information Sought is Reasonably Calculated to Lead to the Discovery of Admissible Evidence

A party may move to compel discovery when responses are evasive or incomplete. Fed. R. Civ. P. 37(a)(4); see Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

> Defendants are entitled to discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

The scope of discovery has been construed broadly to encompass any matter that bears on, or that reasonably could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1970). Further, "the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Fluidmaster seeks an order compelling the production of the names and addresses of persons identified *by Plaintiff* as relevant to this litigation. As a commercial entity, Plaintiff is required by law to keep detailed records of employees and former employees. Thus, there is no doubt Plaintiff is in possession of the information sought. As Plaintiff indicated in the meet and confer process, Mr. Wyatt and the maintenance man are the "most knowledgeable" with regards to (1) the installation of the water connector at issue; (2) the maintenance of the water connector at issue; (3) the repair, maintenance and upkeep of the area where the water connector at issue

was installed; and (4) Plaintiff's damages. *See* Finnegan Decl. ¶ 6, Ex. 5. The information they possess is critical to Fluidmaster's affirmative defenses and damages arguments. As such, it is vital Fluidmaster receives the full names and addresses of Mr. Wyatt and the maintenance man so that Fluidmaster can take their depositions.

### B. Plaintiff Has Not Objected to the Information Sought and has Acknowledged its Relevance

Plaintiff has not objected to the information sought by Fluidmaster. To the contrary, Plaintiff acknowledged the relevance of any potential testimony from Mr. Wyatt and the maintenance man by identifying them as the "most knowledgeable" with regards to Fluidmaster's 30(b)(6) deposition topics. *See* Finnegan Decl. ¶ 6, Ex. 5. Plaintiff's refusal to provide the information sought by Fluidmaster is indicative of Plaintiff's desire to delay discovery proceedings and improperly withhold admittedly relevant information from Fluidmaster.

### C. Fluidmaster is Entitled to Reasonable Expenses, Including Attorney Fees, Incurred in Making this Motion Because Plaintiff's Inability to Produce the Requested Information is not, and Cannot, be Substantially Justified

Fluidmaster is entitled to expenses, including attorney fees, incurred in making this Motion because Plaintiff's inability to produce the requested information is not, and cannot, be substantially justified. Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), if Fluidmaster's Motion is granted, the Court must award reasonable expenses, including attorney fees, incurred in making the Motion, unless: (1) the moving party filed the motion before attempting in good faith to resolve the dispute without court action, (2) the failure to properly answer was substantially justified, or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). As demonstrated above, and discussed further below, counsel for

8

Fluidmaster met and conferred with Plaintiff's counsel on multiple occasion in an effort to avoid needless motion practice. *See* Finnegan Decl. ¶ 6, Ex. 5. Plaintiff rebuffed these efforts. Plaintiff's failure to properly respond to Fluidmaster's Discovery Requests is not, and cannot, be substantially justified. Plaintiff has not objected to Fluidmaster's Interrogatories or 30(b)(6) deposition topics invoking the identification of Mr. Wyatt and the maintenance man by Plaitniff's counsel. In fact, counsel for Plaintiff identified the two aforementioned fact witnesses as the "most knowledgeable" with regards to the 30(b)(6) deposition topics identified in Fluidmaster's Notice of Deposition to Plaintiff. *See* Finnegan Decl. ¶ 6, Ex. 5. Finally, no "other circumstances" exist that render an award of expenses to Fluidmaster unjust. Thus, Fluidmaster is entitled to an award of $5,208.00, which is the cost it incurred in making this Motion. *See* Finnegan Decl. ¶ 8.

## IV. CONCLUSION

Fluidmaster respectfully requests the Court to **GRANT** its Motion to Compel Further Responses and order Plaintiff to produce the full names and addresses of the two former employees identified by its counsel as "most knowledgeable." Further, Fluidmaster requests the Court award reasonable expenses, including attorney fees, Fluidmaster incurred in making this Motion pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). Finally, given Plaintiff's delay in providing this critical information, Fluidmaster requests that it be permitted to take the depositions of these two witnesses, and any other witnesses identified by Plaintiff or identified in these depositions, after the November 21, 2017 discovery cut-off.

## V. NORTHERN DISTRICT OF ILLINOIS LOCAL RULE 37.2 STATEMENT

Pursuant to Northern District of Illinois Local Rule 37.2, on November 8, 2017 I called Plaintiff's counsel, Steve Winning, in an attempt to meet and confer in good faith before bringing this Motion to Compel Further Responses. Mr. Winning was well familiar with the subject of the call as he and Fludmaster's counsel, Michael Finnegan, spoke numerous times about this incomplete discovery. Mr. Winning indicated that he was trying to get the information but was unable to provide the full names and addresses of the witnesses he identified earlier in the meet and confer process.

Dated: November 9, 2017                                  Respectfully submitted,

/s/  *Michael J. Finnegan*
Mark Litvack
Kimberly Buffington
Michael J. Finnegan
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
725 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Tel.: 213.488.7100
Fax: 213.629.1033
Email: mark.litvack@pillsburylaw.com
kbuffington@pillsburylaw.com
m.finnegan@pillsburylaw.com

Michael Carroll
**CARROLL & CARROLL, P.C.**
30800 Rancho Viejo Road
San Juan Capistrano, CA 92675
Tel.: 949.340.7375
Fax: 949.340.7379
Email: mcarroll@carrollpc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2017, I served Plaintiff, through their counsel, by electronic mail and by First Class Mail to the following individuals:

>Stephen Winning
>Dugan, Brinkmann, Maginnis & Pace
>1880 John F. Kennedy Blvd., Suite 1400
>Philadelphia, PA 19103
>Telephone: (215) 563-3500
>Facsimile: (215) 563-5610
>Email: swinning@dbmplaw.com

>    /s/ *Michael J. Finnegan*
>    Michael J. Finnegan